UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MAYSA ABDEL-RAZEQ and                 :
DARRAN ALBERT
                                      :    14 Civ. 5601 (HBP)
            Plaintiffs,
                                      :    OPINION
    -against-                              AND ORDER
                                      :

ALVAREZ & MARSAL, INC., ALVAREZ
& MARSAL TRANSACTION ADVISORY         :
GROUP, LLC, ALVAREZ & MARSAL
HOLDINGS, LLC, ALVAREZ & MARSAL       :
GLOBAL SERVICES, LLC, PAUL
AVERSANO, in his individual and       :
professional capacities, ANTHONY
CAPORRINO, in his individual and      :
professional capacities, JOEL
PORETSKY, in his individual and       :
professional capacities, and
LAUREEN RYAN, in her individual       :
and professional capacities,
                                      :
            Defendants.
----------------------------------X

        PITMAN, United States Magistrate Judge:


I.  Introduction


        This is a Title VII action in which plaintiffs allege

claims of discrimination, harassment and retaliation.  The

parties have executed a settlement agreement and have made a

joint application seeking that defendant Laureen Ryan's name be

retroactively redacted from or replaced with a pseudonym on the

docket and in all publicly available documents including court

Orders (See Joint Letter Application, dated Sept. 21, 2015
("Sept. 21 Letter"); Joint Letter Motion for Pre-Motion Confer-
ence, dated Apr. 15, 2015 (Docket Item ("D.I.") 50)).

All parties have consented to my exercising plenary
jurisdiction pursuant to 18 U.S.C. § 636(c) (D.I. 52, 53).

For the reasons set forth below, the application to
redact Ryan's name or replace it with a pseudonym is denied.


II.   Factual and
      Procedural Background

This action was commenced on July 23, 2014 against all
the current defendants except for Ryan (Complaint (D.I. 1); Sept.
21 Letter, at 3).  The Amended Complaint, filed on August 19,
2014, added Ryan as a defendant and asserted claims of aiding and
abetting unlawful discrimination and retaliation (Amended Com-
plaint (D.I. 8); Sept. 21 Letter, at 3).  Plaintiffs filed a
Second Amended Complaint ("SAC") on January 28, 2015 (D.I. 39).
In the SAC, plaintiff Abdel-Razeq alleges that defendant Paul
Aversano subjected her to a pattern of sexual harassment and
racial discrimination and that after she complained of this
abuse, various supervisors retaliated against her and/or aided
and abetted the retaliation.  According to the parties, Abdel-
Razeq was transferred to Ryan's division less than one month

2

before the SAC was filed and had not worked for Ryan before that time (Sept. 21 Letter, at 3; SAC, ¶ 106).  There are six specific allegations concerning Ryan in the SAC; the SAC asserts two claims on behalf of Abdel-Razeq against Ryan for aiding and abetting (SAC, ¶¶ 4, 24, 106, 108, 110-111, 180-85, 221-27). Plaintiff Albert does not assert any claims against Ryan.

The parties attended a settlement conference before me on March 31, 2015 at which they agreed to a settlement (D.I. 50). Following the conference, the parties jointly made the pending application to edit the record to remove any reference to Ryan. In the pending application, the parties argue that Ryan will suffer financial hardship and loss of professional goodwill if her name is not redacted or replaced with a pseudonym.  The parties argue that (1) the relief they seek is narrowly tailored to address Ryan's concerns about her professional reputation; (2) plaintiffs will not be prejudiced because they have consented to the request and there will be no further filings in this case and (3) the public's interest in Ryan's name is limited.

For the reasons set forth below, the parties' application is denied.

III. <u>Analysis</u>

"There is a strong presumption that the public should be able to access every single document filed with this court of law." <u>Saks Inc. v. Attachmate Corp.</u>, 14 Civ. 4902 (CM), 2015 WL 1841136 at *14 (S.D.N.Y. Apr. 17, 2015) (McMahon, D.J.), <u>citing</u> <u>S.E.C. v. TheStreet.com</u>, 273 F.3d 222, 231 (2d Cir. 2001); <u>see also</u> <u>United States v. Amodeo</u>, 71 F.3d 1044, 1048 (2d Cir. 1995) ("The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system."), quoting <u>Leucadia, Inc. v. Applied Extrusion Tech., Inc.</u>, 998 F.2d 157, 161 (3d Cir. 1993). This presumption is rooted in the First Amendment as well as common-law principles. <u>See</u> <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978); <u>Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 93-94 (2d Cir. 2004); <u>Westmoreland v. Columbia Broad. Sys., Inc.</u>, 752 F.2d 16, 22 (2d Cir. 1984); <u>Doe v. Del Rio</u>, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (Lynch, D.J.); <u>see also Anonymous v. Medco Health Solutions, Inc.</u>, 588 F. App'x 34, 35 (2d Cir. 2014) (summary order) ("A 'presumption of immediate public access attaches [to some judicial documents] under both the common law and the First Amendment,'"), <u>quoting Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 126 (2d Cir. 2006) (alteration in original). "[T]he weight

4

to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, supra, 71 F.3d at 1049.  Thus, in determining whether to grant a request such as Ryan's, the court will balance the privacy interests of the movant in the confidentiality of the information in question, including a party's identity, against the importance of the material to the adjudication and the public's interest in access to such materials.  Nixon v. Warner Communications, Inc., supra, 435 U.S. 589, 597-603 (1978); S.E.C. v. TheStreet.com, supra, 273 F.3d at 232; United States v. Amodeo, supra, 71 F.3d at 1048-53; Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982).

Specific considerations are applicable to a party's request for anonymity.  Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties."  This rule "serves the vital purpose of facili- tating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defen- dant, 537 F.3d 185, 188-89 (2d Cir. 2008).  The Court of Appeals has set forth the following non-exhaustive list of factors for district courts to consider in assessing a plaintiff's motion to proceed anonymously:  (1) whether the litigation involves matters

that are highly sensitive and of a personal nature; (2) whether
identification poses a risk of retaliatory harm to a party
seeking to proceed anonymously or even more critically, to
innocent non-parties; (3) whether identification presents other
harms and the likely severity of those harms; (4) whether plain-
tiff is particularly vulnerable to possible harm from disclosure;
(5) whether the suit is challenging actions of government or that
of private parties; (6) whether defendant is prejudiced by
allowing plaintiff to press claims anonymously and whether the
nature of that prejudice differs at any particular stage of the
litigation or can be mitigated by the district court; (7) whether
plaintiff's identity has thus far been kept confidential; (8)
whether the public's interest in the litigation is furthered by
requiring plaintiff to disclose his identity; (9) whether,
because of the purely legal nature of issues presented or other-
wise, there is an atypically weak public interest in knowing the
litigants' identities and (10) whether there are any alternative
mechanisms for protecting the confidentiality of plaintiff.
Sealed Plaintiff v. Sealed Defendant, supra, 537 F.3d at 189-90,
citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d
1058, 1068 (9th Cir. 2000); M.M. v. Zavaras, 139 F.3d 798, 803
(10th Cir. 1998); James v. Jacobson, 6 F.3d 233, 238 (4th Cir.
1993); Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992); Doe v.

6

Del Rio, supra, 241 F.R.D. at 157; Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (Chin, D.J.).

Although the Court of Appeals did not explicitly limit its holding to plaintiffs who wish to proceed anonymously, an application to remove a defendant's name from the public record raises distinct, albeit overlapping, considerations from those considered by the Court of Appeals in Sealed Plaintiff v. Sealed Defendant. See North Jersey Media Group Inc. v. Doe Nos. 1-5, 12 Civ. 6152 (VM)(KNF), 2012 WL 5899331 at *4 (S.D.N.Y. Nov. 26, 2012) (Fox, M.J.) ("'The problem of anonymous plaintiffs involves considerations entirely different from those involving 'John Doe' defendants'"), quoting Doe v. Deschamps, 64 F.R.D. 652, 652-53 n.1 (D. Mont. 1974). For instance, a plaintiff who has privacy concerns has the option of either not commencing or discontinuing the action rather than revealing his or her identity to the world; a defendant does not have this option. Nevertheless, I find the factors articulated in Sealed Plaintiff to be informative in assessing a defendant's application to remove her name from the record. Accord Next Phase Distribution, Inc. v. Does 1-138, 11 Civ. 9706 (KBF), 2012 WL 691830 at *1-*2 (S.D.N.Y. March 1, 2012) (Forrest, D.J.) (applying Sealed Plaintiff to defendant's request to proceed pseudonymously); North Jersey Media Group Inc. v. Doe Nos. 1-5, supra, 2012 WL 5899331 at *4-*9

7

(acknowledging the distinction but applying <u>Sealed Plaintiff</u>

factors where defendant sought to proceed anonymously).  I shall

therefore address the present application by analyzing the

factors articulated in <u>Sealed Plaintiff</u> and other relevant

considerations.

      A.   Whether the Litigation
           Involves Matters that
           Are Highly Sensitive
           <u>and of a Personal Nature</u>


      Ryan does not contend that the allegations against her

are of a highly sensitive and personal nature.  Indeed, the

allegations against Ryan are substantially less sensitive than

the class of allegations that are typically found to meet this

standard.  <u>See</u> <u>Michael v. Bloomberg L.P.</u>, 14 Civ. 2657 (TPG),

2015 WL 585592 at *3 (S.D.N.Y. Feb. 11, 2015) (Griesa, D.J.)

(citing as examples "claims involving sexual orientation, preg-

nancy, or minor children"); <u>North Jersey Media Group Inc. v. Doe</u>

<u>Nos. 1-5</u>, <u>supra</u>, 2012 WL 5899331 at *4 (citing matters "such as

birth control, abortion, homosexuality or the welfare rights of

illegitimate children or abandoned families") (citation omitted);

<u>Next Phase Distribution, Inc. v. Does 1-138</u>, <u>supra</u>, 2012 WL

691830 at *1-*2 (noting "highly sensitive nature and privacy

issues that could be involved with being linked to a pornography

film" and allowing defendant to proceed pseudonymously "until

8

further order of this Court").  Moreover, the potential for
embarrassment or public humiliation does not, without more,
justify a request for anonymity.  See, e.g., M.M. v. Zavaras,
supra, 139 F.3d at 803 (affirming denial of plaintiff inmate's
motion to proceed under pseudonym where she alleged corrections
officers denied her funds for an abortion and that "her inability
to proceed under a pseudonym 'might subject her to humiliation,
embarrassment and to possible intimidation and retaliation by
staff members of the institution where she is detained'"); Doe v.
Shakur, supra, 164 F.R.D. at 362 (rejecting plaintiff's argument
that she would be publicly humiliated if she proceeded with
sexual assault claims against famous individual in her true
name).  Because the allegations against Ryan are not highly
sensitive or of a personal nature, this factor weighs against the
request for anonymity.

   B.   Whether Identification Poses
        Risk of Retaliatory Harm to
        Party Seeking to Proceed
        Anonymously or to Innocent Non-Parties

        The parties do not contend that identification poses
risk of retaliatory harm to Ryan or to innocent non-parties.
C.f., Javier H. v. Garcia-Botello, 211 F.R.D. 194, 196 (W.D.N.Y.
2002) (plaintiffs had a substantial privacy interest in proceed-
ing anonymously because the defendants had threatened them with

violence and were criminally charged for those threats).  Thus,
this factor does not weigh in favor of the parties' application.

      C.  Whether Identification
         Presents Risk of Other Harms
         <u>and Likely Severity of Those Harms</u>

      Ryan's primary basis for requesting anonymity is that
being named in this action may cause her economic hardship and
loss of professional goodwill.  The parties explain the conten-
tion as follows:

> Ms. Ryan is a Managing Director in Alvarez & Marsal's
> Global Forensic and Dispute Services practice and
> specializes in accounting and forensic investigations,
> and disputes with complex economic, valuation, solvency
> and financial issues.  Her special set of expert skills
> is demanded by clients and courts with high stakes
> complicated problems and litigation who want no ques-
> tions about her integrity or background.  These dis-
> cerning clients almost universally run comprehensive
> background checks in advance of retaining expert ser-
> vices.  In most instances, Ms. Ryan's background is
> reviewed by law firms on behalf of a client against
> court docket searches prior to retention.  Even less
> sophisticated clients are likely to perform internet
> searches for Ms. Ryan's name and would learn of Ms.
> Ryan's implication in this lawsuit. . . .
>
> . . . Plaintiff's litigation against Ms. Ryan could
> very well affect her reputation, compensation and
> employment, as it risks Ms. Ryan losing opportunities
> to be retained as an expert by those who fear her
> involvement in this lawsuit will create a litigation
> 'side show' if she is retained.

(Sept. 21 Letter, at 2-3).  The parties assert that the allega-
tions in the complaint implicate Ryan's ethics and credibility

and, thus, endanger her income as an expert (Sept. 21 Letter, at 2-3).  The parties also state that any "lost opportunities to be retained as an expert will directly impact [Ryan's] future employment advancement opportunities and her ability to join Boards of Directors" (Sept. 21 Letter, at 3).

Ryan's potential professional losses are not a compelling reason to grant her motion because she has not demonstrated any real, non-speculative, impact on her professional prospects. Although courts do sometimes grant requests for anonymity to protect "privacy or confidentiality concerns" that are "sufficiently critical," James v. Jacobson, supra, 6 F.3d 233 at 238, courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.  See, e.g., Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam) (explaining that anonymity "has not been permitted when only the plaintiff's economic or professional concerns are involved" and collecting cases); Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988) (Sweet, D.J.) (rejecting proposition that litigants may proceed anonymously "to protect the parties' professional or economic life").  Further, where, as here, the claims of purported economic harm are unsubstantiated, the claims are entitled to little weight.  See Michael v. Bloomberg L.P., 14 Civ. 2657

11

(TPG), 2015 WL 585592 at *2-*3 (S.D.N.Y. Feb. 11, 2015) (Griesa, D.J.) (denying a plaintiff's request for anonymity in action asserting claims for unpaid wages despite plaintiff's concern regarding future job opportunities due to employer's history of publicly disparaging employees who brought similar suits); cf. Doe v. Shakur, supra, 164 F.R.D. at 362 (although plaintiff claimed that she faced death threats, request to seal was denied because she failed to "provid[e] any details" or "explai[n] how or why the use of her real name in court papers would lead to harm").

This present case is similar to Anonymous v. Medco Health Solutions, Inc., supra, 588 F. App'x 34, in which the Court of Appeals affirmed a decision denying a plaintiff physician's motion to proceed anonymously and to seal the entire court record.  The plaintiff in that case, an orthopedic surgeon diagnosed with Parkinson's disease, brought suit for defendant's unauthorized disclosure of plaintiff's medical condition to plaintiff's medical office.  The plaintiff wished to proceed anonymously, arguing that any further identification of his medical condition would "adversely impact his patient base as he is a specialist who relies largely upon referrals from other physicians." Anonymous v. Medco Health Solutions, Inc., supra, 588 F. App'x at 35.  The Court of Appeals found this claim to be

12

speculative because there was no support for the proposition that
other physicians would erroneously conclude that plaintiff's
condition would adversely affect his work as a physician.
Anonymous v. Medco Health Solutions, Inc., supra, 588 F. App'x at
35.

Similarly in Doe v. Delta Airlines, Inc., the Honorable
Paul A. Engelmayer, United States District Judge, denied a motion
by a practicing attorney to proceed anonymously in a lawsuit in
which the plaintiff's public intoxication was in issue. Doe v.
Delta Airlines, Inc., 13 Civ. 6287 (PAE), -- F.R.D. --, 2015 WL
5781215 at *2 (S.D.N.Y. Oct. 2, 2015). Judge Engelmayer applied
the Sealed Plaintiff factors and found that the plaintiff's
argument that she would be harmed in her "reputation and fi-
nances" if it was revealed that she was arrested for public
intoxication did not outweigh the presumption of access. Specif-
ically, Judge Engelmayer found plaintiff's concerns that "as a
practicing lawyer, she will suffer professionally, and therefore
financially, if her name is disclosed" to be "invalid." Doe v.
Delta Airlines, Inc., supra, 2015 WL 5781215 at *1, *3-*4; see
also Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001)
(Kaplan, D.J.) (rejecting attorney's request to proceed anony-
mously in claim for false arrest; although claim of "reputational

13

injury is not to be discounted entirely . . . claim of threatened harm is speculative and exaggerated").[1]

Admittedly, unlike the cases discussed above, Ryan is not a plaintiff who brought suit and voluntarily put her conduct in issue; she had no control over Abdel-Razeq's naming her in the lawsuit or the allegations Abdel-Razeq made.  However, like the foregoing cases, the parties' argument that being named as a defendant will cause Ryan to lose potential clients is based on conjecture.  The parties are unable to demonstrate any real, rather than speculative, harm that the allegations against Ryan will have on a potential client's decision to hire Ryan as an accounting expert.  The parties do not assert that this litigation, which has been pending against Ryan since August 2014, has, in fact, affected any of her prior existing engagements or impacted any specific potential engagements.

The parties' contention that there will be a "litigation 'side show' if she is retained" in future actions is not

---

[1] The parties cite <u>Doe v. New York University</u>, 6 Misc. 3d 866, 879, 786 N.Y.S.2d 892, 903 (Sup.Ct. N.Y. Co. 2004) for the proposition that the danger of "social stigmatization" is a substantial privacy interest that outweighs the public's interest in disclosure (Sept. 21 Letter, at 3).  That case, however, involved plaintiffs who were victims of sexual assault, suffered emotional distress, and had undergone psychotherapy.  <u>Doe v. New York University</u>, <u>supra</u>, 6 Misc. 3d at 880, 786 N.Y.S.2d at 904. Given the sensitive nature of the conduct at issue in <u>Doe</u>, the privacy considerations implicated in that case are not present in this case.

convincing (Sept. 21 Letter, at 3).  Although the parties do not elaborate on the nature of the "side show," the fact that Ryan was named as a defendant in an action that was settled could not be used to impeach her credibility.  If offered in another action, Abdel-Razeg's allegations against Ryan would be hearsay and would be inadmissible.  See Rivera v. Metro. Transit Auth., 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) (Kaplan, D.J.) ("An unsworn statement by a non-party in a complaint in another lawsuit is hearsay when offered to prove the truth of that statement.  It is not admissible."); see also Greene v. Brentwood Union Free Sch. Dist., 576 F. App'x 39, 41 (2d Cir. 2014) (summary order) ("complaints and charges are also inadmissible hearsay and not evidence of discrimination"); Beechwood Restorative Care Ctr. v. Leeds, 856 F. Supp. 2d 580, 604 (W.D.N.Y. 2012) ("[C]omplaints, and the charges and allegations they contain, are hearsay under the Federal Rules of Evidence."), quoting Insignia Sys. Inc. v. News America Mktg. In-Store, Inc., 04 Civ. 4213 (JRT)(AJB), 2011 WL 382964 at *2 (D. Minn. Feb. 3, 2011)(alteration in original; internal quotation marks omitted); Dent v. U.S. Tennis Ass'n, Inc., 08 Civ. 1533 (RJD) (VVP), 2008 WL 2483288 at *3 (E.D.N.Y. June 17, 2008) ("In addition to being inadmissible as hearsay, unproved allegations of misconduct are not proof of anything.").  Thus, there appears to be little

likelihood that the "sideshow" Ryan fears will come to pass and this factor does not weigh in favor of the parties' request.

      D.  Whether The Requesting Party
          is Particularly Vulnerable
          <u>to Possible Harms of Disclosure</u>

      The parties do not contend that Ryan is particularly vulnerable to possible harms of disclosure.  Hence, this factor weighs against the motion.

      E.  Whether Suit Challenges
          <u>Governmental or Private Action</u>

      This factor has been applied when a plaintiff brings an action against a governmental defendant and demonstrates that disclosure of plaintiff's identity may subject plaintiff to harm in the form of criminal prosecution or civil penalties.  Because this action is not brought against a governmental entity and there is no chance of retaliatory charge, this factor also weighs against the parties' motion.

      F.  Whether Abdel-Razeq
          Is Prejudiced by
          <u>Allowing Ryan Anonymity</u>

      There is no dispute that Abdel-Razeq will not be prejudiced from the removal of Ryan's true name because Abdel-Razeq has known Ryan's identity since the beginning of this

16

action and Abdel-Razeq consents to this application (Sept. 21 Letter at 4).[2]

G.   Whether Defendant's
     Identity Has Thus
     <u>Far Been Kept Confidential</u>

Ryan's name has been part of the public record since August 2014 without any objection, and that fact weighs against her request for anonymity.  The parties do not argue that there is any change in Ryan's circumstances that justifies her application here other than the settlement and resultant dismissal of the case.  Moreover, third-party websites have posted information concerning the action, including the fact that Ryan is named as a defendant.[3]  This factor also weighs against the parties' appli

------

[2] The parties cite two cases in support of their argument that plaintiff's consent to Ryan's request for anonymity is relevant.  Those cases, however, found that a party's consent combined with other compelling factors justified the request for limited sealing (Sept. 21 Letter, at 4, <u>citing</u> <u>Danco Labs. v. Chem. Works of Gedeon Richter</u>, 274 A.D.2d 1, 711 N.Y.S.2d 419 (1st Dep't 2000) (consent a factor where disclosure would reveal trade secrets and the identities of persons who may be targeted for harassment or violence); <u>Malibu Media, LLC v. Doe</u>, 15 Civ. 1834 (JGK), 2015 WL 4403407 at *1-*2 (S.D.N.Y. July 20, 2015) (Koeltl, D.J.) (denying motion to quash subpoena where plaintiff sought defendant's true name and noting plaintiff's consent to defendant's proceeding anonymously in case "minimiz[ed] the possible embarrassment and reputational damage" associated with downloading pornography)).

[3] <u>See</u>, <u>e</u>.<u>g</u>., Abdel-Razeq <u>et</u> <u>al</u> v. Alvarez & Marsal, Inc. <u>et</u> <u>al</u>, http://www.law360.com/cases/53d277ef4fd0c5556d000001 (last
(continued...)

cation for Ryan to be expunged from the record of this case.  <u>See</u>
<u>Doe v. Shakur</u>, <u>supra</u>, 164 F.R.D. at 362 (claims of potential
public embarrassment through media attention belied by fact that
plaintiff admitted that "press has known her name for some
time").

    H.   The Impact of
          Anonymity on the Public's
          <u>Interest in the Litigation</u>

      The public's interest in this action also weighs
against the parties' application.

      There is a strong public policy in favor of enforcing
federal anti-discrimination laws and deterring workplace discrim-
ination on the basis of race, sex, and national origin through
the pursuit of Title VII claims.  <u>See</u> <u>McKennon v. Nashville</u>
<u>Banner-Publishing Co.</u>, 513 U.S. 352, 358 (1995) (noting that like
Title VII, an ADEA "private litigant who seeks redress for his or
her injuries vindicates both the deterrence and compensation
objectives" of the anti-discrimination law); <u>Alexander v.</u>
<u>Gardner-Denver Co.</u>, 415 U.S. 36, 44 (1974) (the private Title VII
plaintiff "not only redresses his own injury but also vindicates

---

     [3](...continued)
visited Nov. 10, 2015); Abdel-Razeq <u>et</u> <u>al</u> v. Alvarez & Marsal,
Inc. <u>et</u> <u>al</u>, http://www.plainsite.org/dockets/2klvfdmjn/new-
york-southern-district-court/abdelrazeq-et-al-v-alvarez-and-marsa
l-inc-et-al/ (last visited Nov. 10, 2015).

the important congressional policy against discriminatory employ-ment practices"); <u>Vuona v. Merrill Lynch & Co.</u>, 10 Civ. 6529 (PAE), 2013 WL 1971572 at *5 (S.D.N.Y. May 14, 2013) (Engelmayer, D.J.) ("there is an important public interest served by the pursuit of colorable Title VII claims.") (citation and internal quotation marks omitted).

One salutary effect of private discrimination actions is deterrence; open proceedings serve the function of putting would be discriminators on notice that illegal discrimination not only results in a direct financial obligation to the victim, it also results in an embarrassing public record of the illegal conduct. <u>See</u> <u>Doe v. Del Rio</u>, <u>supra</u>, 241 F.R.D. at 159 ("Private civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.").

Finally, transparent proceedings foster public confi-dence in the integrity of the judiciary and serve to demonstrate to the public that the laws are being enforced even- handedly.

> The presumption of access is based on the need for federal courts, although independent -- indeed, partic-ularly because they are independent -- to have a mea-sure of accountability and for the public to have confidence in the administration of justice. . . . Although courts have a number of internal checks, such as appellate review by multi-judge tribunals, profes-sional and public monitoring is an essential feature of democratic control.  Monitoring both provides judges with critical views of their work and deters arbitrary

19

judicial behavior.  Without monitoring, moreover, the
public could have no confidence in the conscientious-
ness, reasonableness, or honesty of judicial proceed-
ings.  Such monitoring is not possible without access
to testimony and documents that are used in the perfor-
mance of Article III functions.

United States v. Amodeo, supra, 71 F.3d at 1048.  Access to all

proceedings in discrimination cases gives the public confidence

that the law is being applied fairly.


     I.   Whether, Because of the Purely
         Legal Nature of the Issues
         Presented or Otherwise, There is
         an Atypically Weak Public Interest
         in Knowing the Litigants' Identities

The parties' arguments related to the public's interest

in Ryan's identity are addressed above in the discussion of the

eighth factor.


     J.  Whether There Are Any
         Alternative Mechanisms for
         Protecting Confidentiality of Defendant

The parties have not addressed this factor.


     K.   Summary

In summary, the balance of factors discussed above

weigh against the parties' request for retroactive anonymity for

Ryan and in favor of the presumption of access to judicial

proceedings.  The allegations at issue in this case are not of a

20

highly sensitive and personal nature nor does Ryan face any form
of retaliation if her name remains in the judicial record.
Further, the parties have not demonstrated any real, rather than
speculative, harm to Ryan's professional opportunities due to the
disclosure of her name, either to date or in the future.  Al-
though plaintiff consents to this application and it is undis-
puted that she would face no prejudice if Ryan's name is removed
from the record, the strong public interest in access to the
public record in employment discrimination cases like this one
also weighs strongly in favor of continued disclosure.

Finally, granting this motion would set an untenable
precedent.  It would invite any defendant named in a civil
complaint who settles a case to seek to have his or her name
expunged from the record because it may shed a negative light on
his or her professional life.  Defendant's argument that this
case is different and that in "most cases" the public would not
investigate or care about an executive being named in a lawsuit
(Sept. 21 Letter, at 2) is incorrect.  In today's internet-based
society, it has become the norm to seek and to access publicly
available information about potential employees and consultants
as well as professional and personal acquaintances.  The increas-
ing availability of electronically accessible court records is

21

simply not a basis for taking steps to seal court records in cases like this one.

IV. Conclusion

Accordingly, for all the foregoing reasons, the application to redact Ryan's name or replace it with a pseudonym is denied. The parties' September 21, 2015 letter will be docketed with this Order.

Dated:   New York, New York
         November 12, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Andrew S. Goodstadt, Esq.
Goodstadt Law Group, PLLC
Suite 347
1 Old Country Road
Carle Place, New York 11514

Douglas H. Wigdor, Esq.
Lawrence M. Pearson, Esq.
Elizabeth J. Chen, Esq.
Jeanne-Marie B. Christensen, Esq.
Thompson Wigdor LLP
Fifth Floor
85 Fifth Avenue
New York, New York 10003

22

A. Michael Weber, Esq.
Meredith L. Kaufman, Esq.
Littler Mendelson, P.C.
Seventh Floor
900 Third Avenue
New York, New York 10022